Anthony Boskovich, No. 121198
Law Offices of Anthony Boskovich
28 N. First Street, 6th Floor
San Jose, California 95113-1210
policemisconduct@compuserve.com

408-286-5150

Attorney for plaintiff SERGEY SKOBEL

FILED
2008 MAR 13 P 2: 44
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

SERGEY SKOBEL,
                 Plaintiff,

v.

GIANCARLO ELLA, BADGE NO, 13250, a Sunnyvale police officer; GARY CORTEZ, BADGE NO, 14372, a Sunnyvale police officer; JOHN DOE and RICHARD ROE, Sunnyvale police officers, the identity and number of whom are unknown to plaintiff; DON JOHNSON, individually and in his capacity as Director of Public Safety for the City of Sunnyvale; CITY OF SUNNYVALE; DOES 1 through 50,
                 Defendants.

C08 01442 PVT

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS – JURY TRIAL DEMANDED

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged occurred in the City of Sunnyvale, which is within this judicial district.

Complaint for Violation of Civil Rights –
Jury Trial Demanded
                 Page 1

**PARTIES**

2. Plaintiff SERGEY SKOBEL is, and at all times herein mentioned was, a resident of Sunnyvale, California.

3. Defendant CITY OF SUNNYVALE ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Defendant DON JOHNSON (hereinafter "JOHNSON") at all time mentioned herein was the Director of Public Safety for CITY, acting under the color of law and in the course and scope of his employment for defendant CITY.

4. At all times mentioned herein, defendants GIANCARLO ELLA, BADGE NO. 13250, GARY CORTEZ, BADGE NO. 14372, JOHN DOE and RICHARD ROE (hereinafter "OFFICERS"), were employed as police officers for defendant CITY. Defendant officers are sued individually and in their capacity as police officers for the CITY. By engaging in the conduct described here, defendant officers acted under the color of law and in the course and scope of their employment for defendant CITY. By engaging in the conduct described here, defendant officers exceeded the authority vested in them as police officers under the United States Constitution and as employees of the CITY.

5. Plaintiff is ignorant of the true names and capacities of defendant DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth. Plaintiff will amend his complaint to state the true names and capacities of defendants DOES 2 through 50, inclusive, when they have been ascertained.

6. At all times mentioned herein, each named and DOE defendant was the agent or employee of co-defendant CITY, and in doing the things alleged, was acting within the course and scope of such agency or employment and with the actual or implied permission, consent, authorization, and approval of CITY.

## STATEMENT OF FACTS

7. Plaintiff Sergey Skobel is a Russian immigrant, and has been repeatedly harassed by the Sunnyvale police for a considerable period of time.

8. On 16 March 2006 plaintiff drove to Gary Avenue in the City of Sunnyvale to pick up his brother, who had called him.

9. When plaintiff reached the scene, he saw his brother and friends sitting on the curb and two Sunnyvale police cars parked in the middle of the street. Plaintiff was immediately confronted by defendant GIANCARLO ELLA, BADGE NO. 13250.

10. ELLA told plaintiff that he wanted to speak with him, and plaintiff parked his vehicle in the first available safe spot.

11. Plaintiff started to exit his vehicle to go back and speak with the officer. By this time, ELLA had run over to plaintiff's vehicle.

12. Without provocation or reason, ELLA swung his hand and knocked the cigarette out of plaintiff's mouth, striking plaintiff in the face.

Complaint for Violation of Civil Rights –
Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

13. ELLA then demanded, using profanity, that plaintiff produce his driver's license.

14. Plaintiff attempted to comply by reaching for his wallet, which was inside the vehicle. Enraged, ELLA violently pulled plaintiff from the vehicle and threw him to the ground and began to beat him, slamming plaintiff's head into the asphalt three times.

15. At this point, ELLA was joined by GARY CORTEZ, BADGE NUMBER 14372, as well as other OFFICERS, and they proceeded to beat the now unconscious plaintiff.

16. Once handcuffed, plaintiff was unable to stand on his own, so OFFICERS dragged him to the police car and literally threw him in.

17. Paramedics were summoned, and the severely injured plaintiff was told that if he were transported to the hospital that he would have to pay all of the expenses, or that he simply stay there and deal with the police. Despite needing the medical attention, plaintiff declined to be transported to the hospital because he could not afford to pay for the health care.

18. Plaintiff was cited at the Sunnyvale police station and released.

19. The next day, plaintiff went to the emergency room and was diagnosed with a fractured hand along with his cuts and bruises as a result of the beating he endured.

//
//
//
//
//

Complaint for Violation of Civil Rights –
Jury Trial Demanded

## DAMAGES

20. As a proximate result of defendants' conduct, plaintiff suffered pain and physical injuries. As a further proximate result of defendants' conduct, plaintiff suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of his sense of security, dignity, and pride as an American.

21. As a further proximate result of defendants conduct, plaintiff has incurred expenses, including medical expenses, and lost time from his usual occupation.

22. The conduct of defendants OFFICERS was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against defendants OFFICERS.

23. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiffs is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

## FIRST CLAIM FOR RELIEF
(42 U.S.C § 1983)
(Against defendants OFFICERS and DOES 1 through 50, inclusive)

24. Plaintiff realleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

25. In doing the acts complained of, defendants OFFICERS acted under color of law to deprive the plaintiff of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   c. The right to be free from the use of excessive force by police officers and other government actors, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

   d. The right to be free from cruel and unusual punishment; and from pre-charging and pre-judgment punishments, as guaranteed by the Eighth Amendment to the United States Constitution;

   e. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution; and,

   f. The right to prompt medical attention as guaranteed by the Fourteenth Amendment to the United States Constitution.

26. As a proximate result of defendants' wrongful conduct, plaintiff suffered injuries and damages as set forth.

**WHEREFORE**, Plaintiff prays for relief as set forth.

//
//
//
//
//
//

Complaint for Violation of Civil Rights – Jury Trial Demanded

**SECOND CLAIM FOR RELIEF**
(42 U.S.C. § 1983)
(Against Defendants CITY OF SUNNYVALE and JOHNSON)

27. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 26 of this Complaint.

28. The CITY and JOHNSON, Director of Public Safety for the CITY, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by defendants OFFICERS herein, and other Sunnyvale police officers, as outlined in paragraphs 7 through 19 of this complaint. Despite said notice, defendants CITY and JOHNSON have demonstrated deliberate indifference to this pattern and practices of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by Sunnyvale police officers. This lack of an adequate supervisorial response by defendants CITY and JOHNSON demonstrates the existence of an informal custom or policy which tolerates and promotes the continued use of excessive force against and violation of civil rights of citizens by Sunnyvale police officers.

29. The acts of defendant police officers alleged herein are the direct and proximate result of the deliberate indifference of defendants CITY, JOHNSON, and their supervisory officials and employees to violations of the constitutional rights of persons by defendant police officers herein, and other members of the Sunnyvale Police Department. The plaintiff's injuries were foreseeable and a proximate result of the deliberate indifference of the CITY and JOHNSON to the pattern, practices, customs, and policies described above.

**WHEREFORE**, Plaintiff prays for relief as set forth.

Complaint for Violation of Civil Rights –
Jury Trial Demanded

# THIRD CLAIM FOR RELIEF
(Assault and Battery)
(Against all defendants)

30. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 29 of this Complaint.

31. Defendant OFFICERS committed assault and battery against plaintiffs by slapping plaintiff's face, knocking his cigarette out of his mouth, and beating plaintiff into unconsciousness.

32. Defendants' conduct was neither privileged nor justified under statute or common law.

33. As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as set forth.

**WHEREFORE**, Plaintiff prays for relief as set forth.

# FOURTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress)
(Against all defendants)

34. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 34 of this Complaint.

35. The conduct of defendant OFFICERS, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. However, in order to deliberately injure plaintiff, defendant OFFICERS committed the

aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiff.

36. As a proximate result of defendants' willful, intentional and malicious conduct, plaintiff suffered severe and extreme metal and emotional distress. Therefore, plaintiff is entitled to an award of punitive damages as against the individually named police officers. Plaintiff has suffered damages as set forth.

**WHEREFORE**, Plaintiff prays for relief as set forth

### FIFTH CLAIM FOR RELIEF
(Negligence)
(Against all defendants)

37. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 36 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

38. At all times herein mentioned, defendants were subject to a duty of care, to avoid causing unnecessary physical harm and distress to citizens in the exercise of the police function as well as operating a nightclub. The conduct of defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers and business owners, proximately causing plaintiff to suffer damages as set forth.

**WHEREFORE**, Plaintiff prays for relief as set forth.

Complaint for Violation of Civil Rights –
Jury Trial Demanded

## SIXTH CLAIM FOR RELIEF
(Negligent Infliction of Emotional Distress)
(Against all defendants)

39. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 48 of this First Amended Complaint, except for any and all allegation of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

40. At all times herein mentioned, defendants were subject to a duty of care, to avoid causing unnecessary physical harm and distress to citizens. The conduct of defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers and club employees, proximately causing plaintiff to suffer damages as set forth.

41. The conduct of defendant OFFICERS, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.

42. As a proximate result of defendants' conduct, plaintiffs suffered severe and extreme mental and emotional distress. Plaintiff has suffered damages as set forth.

**WHEREFORE**, Plaintiff prays for relief as set forth.

//
//
//
//
//

Complaint for Violation of Civil Rights –
Jury Trial Demanded

# SEVENTH CLAIM FOR RELIEF
(California Civil Code § 52.1)
(Against all defendants)

43. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 42 of this Complaint.

44. The conduct of defendant OFFICERS as described herein violated California Civil Code § 52.1, in that they interfered with plaintiff's exercise and enjoyment of his civil rights, as enumerated above, through use of wrongful force and failure to provide medical care.

45. As a direct and proximate result of defendants' violation of Civil Code § 52.1 plaintiff suffered violations of his constitutional rights, and suffered damages as set forth.

46. Since the conduct of defendant officers and club employees occurred in the course and scope of their employment, defendants CITY is therefore liable to plaintiff pursuant to respondeat superior.

47. Plaintiff is entitled to injunctive relief and an award of reasonable attorney's fees pursuant to Civil Code § 52.1.

**WHEREFORE**, Plaintiff prays for relief as set forth.

//
//
//
//

Complaint for Violation of Civil Rights –
Jury Trial Demanded

## CLAIM REQUIREMENT

53. For state causes of action related to Federal claims, plaintiffs are required to comply with an administrative claim requirement under California Law. Plaintiff has complied with all applicable requirements.

## JURY DEMAND

54. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages according to proof;
2. Special damages according to proof;
3. Punitive damages according to proof;
4. Reasonable attorney's fees pursuant to 42 U.S.C. §1988
5. Reasonable attorney's fees pursuant to California Civil Code section 52.1, subdivision (h);

//
//
//
//
//
//

Complaint for Violation of Civil Rights –
Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

6. Costs of suit incurred herein; and,

7. Such other and further relief as the Court may deem just and proper.

Dated: 13 March 2008

LAW OFFICES OF ANTHONY BOSKOVICH

By: _____
Anthony Boskovich
Attorney for Plaintiff

Complaint for Violation of Civil Rights –
Jury Trial Demanded

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I. (a) PLAINTIFFS
SERGEY SKOBEL

## DEFENDANTS
OFFICER ELLA, et al.

C08 01442 PVT

ADR  E-FILING

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Anthony Boskovich, SBN121198
Law Offices of Anthony Boskovich
28 N. First Street, 6th Floor
San Jose, CA 95113
(408) 286-5150

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 640 RR & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | | [ ] 490 Cable/Satellite TV |
| [ ] 160 Stockholders Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | LABOR | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 720 Labor/Mgmt Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence Habeas Corpus: | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | [ ] 790 Other Labor Litigation | FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (US Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [X] 440 Other Civil Rights | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 445 Amer w/ disab - Empl | [ ] 555 Prison Condition | | | [ ] 890 Other Statutory Actions |
| | [ ] 446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
42 U.S.C. Section 1983; violation of civil rights; harassment; illegal searches and seizures; false arrest; excessive force

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 10,000,000
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AN "X" IN ONE BOX ONLY)
[ ] SAN FRANCISCO/OAKLAND  [X] SAN JOSE

DATE 13 March 2008    SIGNATURE OF ATTORNEY OF RECORD

NDC-JS44