**TODD H. MASTER [SBN: 185881]**
**HOWARD ROME MARTIN & RIDLEY LLP**
1775 Woodside Road, Suite 200
Redwood City, CA 94061
Telephone: (650) 365-7715
Facsimile: (650) 364-5297

Attorneys for Defendants
GIANCARLO ELLA, GARY CORTEZ,
DON JOHNSON and CITY OF SUNNYVALE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SERGEY SKOBEL,<br><br>    Plaintiff,<br><br>vs.<br><br>GIANCARLO ELLA, et al.,<br><br>    Defendants. | Case No. C 08 01442 PVT<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**NOTICE OF INTENT TO SEEK ATTORNEYS' FEES**<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW defendants GIANCARLO ELLA, GARY CORTEZ, DON JOHNSON and CITY OF SUNNYVALE and in answer to the complaint on file herein, admit, deny and allege as follows.

/ / /

/ / /

_____

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; Case No. C 08 10442 PVT

1

## JURISDICTION

1. Answering the allegations contained in Paragraph 1, defendants admit plaintiff's claim arises under 42 U.S.C. § 1983, that jurisdiction arises under 28 U.S.C. §§ 1331 and 1343, and that venue is proper in the Northern District of California. Defendants deny each and every other allegation contained therein.

## PARTIES

2. Answering the allegations contained in Paragraph 2, defendants allege that they are without sufficient information or belief to enable them to answer the allegations of that paragraph and, basing their denial on that ground, deny the allegations therein.

3. Answering the allegations contained in Paragraphs 3 and 4, defendants admit that the CITY OF SUNNYVALE ("City") is a public entity existing under the laws of the State of California and that the individual defendants are sued individually as well as in their official capacity as police officers for the CITY. Defendants further admit that Don Johnson is the Director of Public Safety for the City. Defendants deny each and every other allegation contained therein.

4. Answering the allegations contained in Paragraphs 5 and 6, defendants allege that they are without sufficient information or belief to enable them to answer the allegations of those paragraphs and, basing their denial on that ground, deny the allegations therein.

## STATEMENT OF FACTS

5. Answering the allegations contained in Paragraph 7, defendants deny the allegation that plaintiff has been harassed by the Sunnyvale Department of Public Safety. Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this paragraph and, basing their denial on that ground, deny those allegations.

6. Answering the allegations contained in Paragraph 8, defendants admit that plaintiff drove to Gary Avenue on March 16, 2006. Defendants allege that that they are without sufficient information or belief to enable them to answer the other allegations of said paragraph and, basing their denial on said ground, deny each and every other allegation contained therein.

7. Answering the allegations contained in Paragraph 9, defendants admit that plaintiff's brother and his brother's acquaintances were sitting on the curb when plaintiff arrived at the scene. Defendants deny each and every other allegation contained therein.

8. Answering the allegations contained in Paragraph 10, defendants admit that Officer Ella told plaintiff that he wanted to speak with him and that plaintiff eventually pulled over his vehicle. Defendants deny each and every other allegation contained therein.

9. Answering the allegations contained in Paragraphs 11 through 14, defendants deny each and every allegation contained therein.

10. Answering the allegations contained in Paragraph 15, defendants admit that Officer Cortez responded to assist Officer Ella. Defendants deny each and every other allegation contained therein.

11. Answering the allegations contained in Paragraph 16, defendants deny each and every allegation contained therein.

12. Answering the allegations contained in Paragraph 17, defendants admit that paramedics were summoned and that plaintiff declined medical attention. Defendants deny each and every other allegation contained therein.

13. Defendants admit the allegations contained in Paragraph 18.

14. Answering the allegations contained in Paragraph 19, defendants deny that plaintiff was beaten. Defendants allege that that they are without sufficient information or belief to enable

_____

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; Case No. C 08 10442 PVT

3

1 them to answer the remaining allegations of said paragraph and, basing their denial on said ground,

2 deny each and every other allegation contained therein.

### DAMAGES

15. Answering the allegations contained in Paragraph 20, 21 and 23, these defendants allege that they are without sufficient information or belief to enable them to answer the allegations of said paragraphs and, basing their denial on said ground, deny each and every allegation contained therein. Defendants further deny that plaintiff is entitled to an award of attorney's fees as alleged in Paragraph 23.

16. Answering the allegations contained in Paragraph 22, defendants deny each and every allegation contained therein.

### FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983)
### (Against defendants OFFICERS)

17. Answering Paragraph 24, these defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 23 as though fully set forth herein.

18. Answering the allegations contained in Paragraphs 25 and 26, defendants deny each and every allegation contained therein.

### SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1983)
### (Against Defendants CITY OF SUNNYVALE and DON JOHNSON)

19. Answering Paragraph 27, these defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 26 as though fully set forth herein.

20. Answering the allegations contained in Paragraphs 28 and 29, defendants deny each and every allegation contained therein.

/ / /

/ / /

_____

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; Case No. C 08 10442 PVT

4

HOWARD ROME MARTIN & RIDLEY LLP
1775 WOODSIDE ROAD, SUITE 200
REDWOOD CITY, CALIFORNIA 94061
TELEPHONE (650) 365-7715

### THIRD CLAIM FOR RELIEF
### (Assault and Battery)
### (Against all Defendants)

21. Answering Paragraph 30, these defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 29 as though fully set forth herein.

22. Answering the allegations contained in Paragraphs 31 through 33, defendants deny each and every allegation contained therein.

### FOURTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)
### (Against all Defendants)

23. Answering Paragraph 34, these defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 33 as though fully set forth herein.

24. Answering the allegations contained in Paragraphs 35 and 36, defendants deny each and every allegation contained therein.

### FIFTH CLAIM FOR RELIEF
### (Negligence)
### (Against all Defendants)

25. Answering Paragraph 37, these defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 36 as though fully set forth herein.

26. Answering the allegations contained in Paragraph 38, defendants deny each and every allegation contained therein.

### SIXTH CLAIM FOR RELIEF
### (Negligent Infliction of Emotional Distress)
### (Against all Defendants)

27. Answering Paragraph 39, these defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 38 as though fully set forth herein.

28. Answering the allegations contained in Paragraphs 40 through 42, defendants deny each and every allegation contained therein.

_____

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; Case No. C 08 10442 PVT

5

### SEVENTH CLAIM FOR RELIEF
**(California Civil Code §52.1)**
**(Against all Defendants)**

29. Answering Paragraph 43, these defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 42 as though fully set forth herein.

30. Answering the allegations contained in Paragraphs 44 through 47, defendants deny each and every allegation contained therein.

### CLAIM REQUIREMENT

31. Answering Paragraph 53, these defendants admit that plaintiff is required to comply with the California Tort Claims Act (California Government Code §§ 810 e seq.). Defendants deny the allegation that plaintiff has complied with the requirements of the California Tort Claims Act.

### FIRST AFFIRMATIVE DEFENSE

These answering defendants allege that the complaint fails to state a cause of action against these answering defendants.

### SECOND AFFIRMATIVE DEFENSE

These answering defendants deny any wrongdoing, negligence or liability on their part but, should it be determined that these defendants are liable to plaintiff, then these defendants allege that plaintiff was also legally at fault, and possibly others as well, and thus any recovery that might otherwise be rendered against these defendants must be reduced by that percentage which reflects the comparative fault of others**.**

### THIRD AFFIRMATIVE DEFENSE

These answering defendants allege that plaintiff acted with full knowledge of all the facts and circumstances surrounding his injuries and that said matters of which plaintiff assumed the risk proximately contributed to and proximately caused his injuries, if any.

/ / /

_____

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; Case No. C 08 10442 PVT

6

### FOURTH AFFIRMATIVE DEFENSE

These answering defendants allege their acts were privileged.

### FIFTH AFFIRMATIVE DEFENSE

These answering defendants allege that at all times relevant herein, defendants acted without malice and with probable cause.

### SIXTH AFFIRMATIVE DEFENSE

These answering defendants allege that each of the acts alleged to have been committed by Defendant City of Sunnyvale Public Safety Officers were committed in good faith and in the exercise of a good faith belief that said acts were proper and lawful and within their legal responsibility and discretion.

### SEVENTH AFFIRMATIVE DEFENSE

These answering defendants allege that the acts complained of occurred within the scope of defendants' official duties and defendants had no knowledge that said acts were illegal and/or unconstitutional nor were said acts clearly violative of plaintiff's rights at the time they were committed.

### EIGHTH AFFIRMATIVE DEFENSE

These answering defendants allege that plaintiff was guilty of willful and gross carelessness, misconduct and negligence in and about the matters set forth in the complaint, and that said willful and gross behavior proximately caused and contributed to the happening of the incident and to the injuries, loss and damages complained of, and plaintiff's willful and gross behavior either bars or reduces any potential recovery.

/ / /

/ / /

_____

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; Case No. C 08 10442 PVT

7

### NINTH AFFIRMATIVE DEFENSE

These answering defendants allege that plaintiff by his own conduct, induced and intentionally caused and brought about the conduct of which plaintiff complains, and the injuries, loss and damages complained of, and plaintiff's intentional conduct either bars or reduces any potential recovery.

### TENTH AFFIRMATIVE DEFENSE

These answering defendants allege that plaintiff consented to the acts complained of in his complaint and that said consent was both express and implied.

### ELEVENTH AFFIRMATIVE DEFENSE

These answering defendants allege that plaintiff herein was under a duty pursuant to Penal Code §§ 69 and 148 to refrain from willfully resisting, delaying or obstructing a police officer; that plaintiff breached this duty even though he knew, or with the exercise of reasonable care should have known, that he was resisting, delaying or obstructing a police officer; and that as a direct and proximate result of the plaintiff's breach of this duty plaintiff is barred from recovering any loss or damage plaintiff may have incurred, if any.

### TWELFTH AFFIRMATIVE DEFENSE

These answering defendants allege that plaintiff was under a duty pursuant to Penal Code § 834a to refrain from using force or any weapon to resist his detention; that plaintiff breached his duty even though he knew or with the exercise of reasonable care should have known that he was being detained by police officers; that as a direct and proximate result of the decedent's breach of this duty, plaintiff is barred from recovering any loss or damage he may have incurred, if any.

/ / /

/ / /

_____

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; Case No. C 08 10442 PVT

**THIRTEENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that Defendant City of Sunnyvale Public Safety Officers acted with such force as was necessary in the protection of their own body and person.

**FOURTEENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that only such force as was necessary and authorized by Penal Code §§ 835, 835a, 839, and 843 was used in effecting the detention of plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that no more force was used on the plaintiff's person than was necessary to overcome resistance, prevent escape, prevent injury to the officers and to facilitate and safeguard a valid police investigation.

**SIXTEENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that plaintiff's causes of action are barred by virtue of California Penal Code §§ 834, 836, 836.5 and 847.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that each and every cause of action is barred by qualified immunity.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that this complaint is barred by the relevant portions of the California Government Code, including, but not limited to, §§ 815, 815.2, 818, 818.2, 818.4, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821.2, 821.6, 821.8, 822.2, 844, 844.6, 845.6 and 845.8(b).

_____

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; Case No. C 08 10442 PVT

### NINETEENTH AFFIRMATIVE DEFENSE

This answering defendant alleges that plaintiff's complaint, and each cause of action therein, is barred by the statutes of limitations set forth in the Code of Civil Procedure §§ 335 through 349.4 including but not limited to §§ 335.1, 340, and 342.

### TWENTIETH AFFIRMATIVE DEFENSE

These answering defendants contend that plaintiff's cause of action is barred by virtue of plaintiff's failure to comply with Government Code § 900, et seq. and, particularly, Government Code §§ 905, 910, 911.2, 911.4, 945.6, 945.8, 946.6 and 950.6.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

These answering defendants contend that plaintiff's cause of action is barred by virtue of the doctrine of unclean hands.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

These answering defendants allege that plaintiff has failed to mitigate the alleged damages, if any, which he claims to have sustained, and his recovery, if any, should be barred or diminished accordingly.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

These answering defendants contend that plaintiff's action is frivolous, unreasonable and without foundation and therefore defendants are entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and Code of Civil Procedure §§ 1021.7 and 1038.

/ / /

/ / /

/ / /

_____

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; Case No. C 08 10442 PVT

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

These answering defendants allege that at the time of the detention of the plaintiff, defendants were peace officers acting within the course and scope of their authority and that reasonable cause existed to detain plaintiff pursuant to California Vehicle Code §§ 27007, 5204(a), and 2800.1(a)(3).

WHEREFORE, these answering defendants pray that plaintiff take nothing by his complaint, for costs of suit herein, and for such other and further relief as to the Court may seem reasonable and proper.

Date: May 12, 2008                          HOWARD ROME MARTIN & RIDLEY LLP

By: /s/ Todd H. Master
    Todd H. Master
    Attorneys for Said Defendants

### NOTICE OF INTENT TO SEEK ATTORNEYS' FEE

TO PLAINTIFF AND TO HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that defendants contend that plaintiff's complaint was not filed nor maintained in good faith or with reasonable cause and that these defendants are entitled to and intend to seek reasonable attorneys' fees from the plaintiff and from plaintiff' attorney of record, pursuant to Title 42 U.S.C. §1988 and Code of Civil Procedure §§ 1021.7 and 1038.

Date: May 12, 2008                          HOWARD ROME MARTIN & RIDLEY LLP

By: /s/ Todd H. Master
    Todd H. Master
    Attorneys for Said Defendants

_____

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; Case No. C 08 10442 PVT

HOWARD ROME MARTIN & RIDLEY LLP
1775 WOODSIDE ROAD, SUITE 200
REDWOOD CITY, CALIFORNIA 94061
TELEPHONE (650) 365-7715

## JURY DEMAND

These answering defendants hereby demand a trial by jury in this action.

Date: May 12, 2008

                                    HOWARD ROME MARTIN & RIDLEY LLP

                                    By: /s/ Todd H. Master
                                          Todd H. Master
                                          Attorneys for Said Defendants

HOWARD ROME MARTIN & RIDLEY LLP
1775 WOODSIDE ROAD, SUITE 200
REDWOOD CITY, CALIFORNIA 94061
TELEPHONE (650) 365-7715

_____

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; Case No. C 08 10442 PVT

12